IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

| | |
|---|---|
| In re: | (Chapter 11) |
| MONTGOMERY WARD, LLC, et al., | Case No. 00-4667 (KG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------X

## THE PLAN ADMINISTRATOR FOR MONTGOMERY WARD, LLC, ET AL.'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

The Plan Administrator for Montgomery Ward, LLC and the PA Committee of Montgomery Ward, LLC, *et al.* (collectively, the "Plan Administrator"), by and through its counsel, Cooley Godward Kronish LLP and Morris, Nichols, Arsht & Tunnell LLP, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, designates the following items to be included in the record on appeal and submits the following statement of the issues to be presented in connection with the Plan Administrator's appeal from that portion of the Bankruptcy Court's Order, dated March 12, 2008 [Docket No. 6603] (the "Order"), holding that the Plan Administrator is barred by res judicata, equitable estoppel or waiver from establishing that the Lease and Sublease Agreement (as defined in the Order) and related transactions constitute a structured financing, thereby denying the Plan Administrator's expungement objections to the claims asserted by Dika-Ward, LLC. The Order was entered in connection with the Bankruptcy Court's Memorandum Decision, dated March 12, 2008 (the "Opinion").

1426913 v1/NY

I.

**DESIGNATION OF RECORD**

The Plan Administrator hereby designates the following items to be included in the record on appeal:[1]

Annexed hereto as **Exhibit 1** is a true and correct copy of the RCOEA.

Annexed hereto as **Exhibit 2** is a true and correct copy of the Ground Lease.

Annexed hereto as **Exhibit 3** is a true and correct copy of the Lease and Sublease Agreement.

Annexed hereto as **Exhibit 4** is a true and correct copy of the Note.

Annexed hereto as **Exhibit 5** is a true and correct copy of the Mortgage.

Annexed hereto as **Exhibit 6** is a true and correct copy of the Assignment of Lease Agreement.

Annexed hereto as **Exhibit 7** is a true and correct copy of a page obtained from www.menards.com.

Annexed hereto as **Exhibit 8** is a true and correct copy of the *Agreed Order Appointing Receiver*.

Annexed hereto as **Exhibit 9** is a true and correct copy of the January 4, 1994 letter.

Annexed hereto as **Exhibit 10** is a true and correct copy of the April 18, 1996 letter.

Annexed hereto as **Exhibit 11** is a true and correct copy of the First Jolward Claim, without the exhibits thereto.

---

[1] The Plan Administrator reserves the right to amend, for any reason, this designation of the record and statement of the issues on appeal.

Any capitalized term not defined herein shall have the meaning ascribed to it in the Opinion.

Due to their voluminous nature, the exhibits are not being electronically filed with the Court but will be delivered to the Clerk of Bankruptcy Court for transmission to the District Court.

Annexed hereto as **Exhibit 12** is a true and correct copy of the First State Farm Claim, without the exhibits thereto.

Annexed hereto as **Exhibit 13** is a true and correct copy of the applicable pages of the Ward I Debtors' Schedules of Assets and Liabilities.

Annexed hereto as **Exhibit 14** is a true and correct copy of the *Notice of Assumption and Assignment of Real Property Unexpired Lease or Executory Contract.*

Annexed hereto as **Exhibit 15** is a true and correct copy of the *Preliminary Pretrial Order.*

Annexed hereto as **Exhibit 16** is a true and correct copy of the Ward I Plan.

Annexed hereto as **Exhibit 17** is a true and correct copy of the Ward I Confirmation Order.

Annexed hereto as **Exhibit 18** is a true and correct copy of *State Farm Life Insurance Company's Limited Objection to Confirmation of Debtors' Joint Plan of Reorganization.*

Annexed hereto as **Exhibit 19** is a true and correct copy of the *Notice of Effective Date of First Amended Joint Plan of Reorganization of Montgomery Ward Holding Corp. and its Debtor Subsidiaries.*

Annexed hereto as **Exhibit 20** is a true and correct copy of the *Eighth Verified Motion of Reorganized Debtors for an Order Disallowing Certain Claims for Which There is No Liability,* with the applicable exhibits thereto.

Annexed hereto as **Exhibit 21** is a true and correct copy of the *Verified Motion of the Reorganized Debtors for an Order Disallowing Certain Claims Relating to Assumed Executory Contracts and Unexpired Leases,* with the applicable exhibits thereto.

Annexed hereto as **Exhibit 22** is a true and correct copy of the *State Farm Life Insurance Company's Verified Objection to Eighth Verified Motion of Reorganized Debtors for an Order Disallowing Certain Claims for Which There is No Liability.*

Annexed hereto as **Exhibit 23** is a true and correct copy of the *Order Disallowing Certain Claims Relating to Assumed Executing (sic) Contracts and Unexpired Leases,* with the applicable exhibits thereto.

Annexed hereto as **Exhibit 24** is a true and correct copy of the Ward I Stipulation.

Annexed hereto as **Exhibit 25** is a true and correct copy of the February 11, 2000 letter.

Annexed hereto as **Exhibit 26** are true and correct copies of the letters dated November 18, 1999, December 6, 1999 and April 12, 2000.

Annexed hereto as **Exhibit 27** is a true and correct copy of the May 2, 2000 letter.

Annexed hereto as **Exhibit 28** is a true and correct copy of the August 21, 2000 letter.

Annexed hereto as **Exhibit 29** is a true and correct copy of the complaint filed on behalf of Jefferson against the Debtors claiming breach of the RCOEA.

Annexed hereto as **Exhibit 30** is a true and correct copy of the August 2, 2000 letter.

Annexed hereto as **Exhibit 31** are true and correct copies of the March 23, 2001 and April 25, 2001 letters.

Annexed hereto as **Exhibit 32** is a true and correct copy of the Ward II Stipulation.

Annexed hereto as **Exhibit 33** is a true and correct copy of the *Notice of Real Estate Lease Rejection.*

Annexed hereto as **Exhibit 34** is a true and correct copy of the State Farm Claim, without the exhibits thereto.

Annexed hereto as **Exhibit 35** is a true and correct copy of the Jolward Claim, without the exhibits thereto.

Annexed hereto as **Exhibit 36** are true and correct copies of the Jefferson claims filed in Ward II.

Annexed hereto as **Exhibit 37** are true and correct copies of the Dika-Jefferson claims filed in Ward II.

Annexed hereto as **Exhibit 38** is a true and correct copy of the *Evidence of Transfer of Claims Under Federal Rule of Bankruptcy Procedure 3001 (E)(2) and Waiver of Notice.*

Annexed hereto as **Exhibit 39** is a true and correct copy of the *Evidence of Transfer of Claims Under Federal Rule of Bankruptcy Procedure 3001 (E)(2) and Waiver of Notice.*

Annexed hereto as **Exhibit 40** is a true and correct copy of the letter dated November 5, 2001.

Annexed hereto as **Exhibit 41** are true and correct copies of the (i) Assignment of Mortgage and (ii) Assignment of Note.

Annexed hereto as **Exhibit 42** is a true and correct copy of the *Complaint to Foreclose Mortgage*, without the exhibits thereto.

Annexed hereto as **Exhibit 43** is a true and correct copy of the *Stipulation and Agreed Order for Consent of Foreclosure.*

Annexed hereto as **Exhibit 44** is a true and correct copy of the Judgment of Foreclosure.

Annexed hereto as **Exhibit 45** is a true and correct copy of the Judicial Deed.

Annexed hereto as **Exhibit 46** is a true and correct copy of an excerpt from the transcript of the December 12, 2007 hearing before the Bankruptcy Court.

Annexed hereto as **Exhibit 47** is a true and correct copy of the Ward II Disclosure Statement.

Annexed hereto as **Exhibit 48** are true and correct copies of the applicable provisions from the (i) *Second Amended Plan of Reorganization of Metromedia Fiber Network, Inc., Et Al.;* and (ii) *Joint Reorganization Plan of Optel, Inc. and the Official Committee of Unsecured Creditors.*

Annexed hereto as **Exhibit 49** is a true and correct copy of the *Supplement to Objection of the Plan Administrator for Montgomery Ward, LLC, et al. Regarding the Claims Asserted by Dika-Ward, LLC*, without the exhibits thereto.

Annexed hereto as **Exhibit 50** is a true and correct copy of the *Response of Dika-Ward, LLC to Supplement to Objection of the Plan Administrator for Montgomery Ward, LLC, et al. Regarding the Claims Asserted by Dika-Ward, LLC*, without the exhibits thereto.

Annexed hereto as **Exhibit 51** is a true and correct copy of the *Motion of Dika-Ward, LLC for Summary Judgment with Respect to Objection and Supplement to Objection of the Plan Administrator for Montgomery Ward, LLC, et al Regarding the Claims Asserted by Dika-Ward, LLC*, without the exhibits thereto.

Annexed hereto as **Exhibit 52** is a true and correct copy of the *Memorandum of Law in Support of Motion of Dika-Ward, L.L.C. for Summary Judgment with Respect to Objection and Supplement to Objection of the Plan Administrator for Montgomery Ward, LLC, et al. Regarding the Claims Asserted by Dika-Ward, L.L.C.*, without the exhibits thereto.

Annexed hereto as **Exhibit 53** is a true and correct copy of *The Plan Administrator for Montgomery Ward, LLC, Et Al.'s (I) Opposition to the Motion of Dika-Ward, LLC for Summary Judgment and (II) Cross-Motion for Summary Judgment.*

Annexed hereto as **Exhibit 54** is a true and correct copy of *The Plan Administrator for Montgomery Ward, LLC, Et Al.'s Memorandum of Law in Support of (I) Opposition to the Motion of Dika-Ward, LLC for Summary Judgment and (II) Cross-Motion for Summary Judgment.*

Annexed hereto as **Exhibit 55** is a true and correct copy of the *Reply Memorandum of Dika-Ward, LLC to Combined Memorandum of the Plan Administrator for Montgomery Ward, LLC, Et Al.'s in Support of Cross Motion for Summary Judgment and Opposition to the Motion of Dika-Ward, LLC for Summary Judgment with Respect to Objection and Supplement to Objection of the Plan Administrator for Montgomery Ward, LLC, et al. Regarding the Claims Asserted by Dika-Ward, LLC.*

Annexed hereto as **Exhibit 56** is a true and correct copy of the transcript of the October 4, 2007 hearing before the Bankruptcy Court.

Annexed hereto as **Exhibit 57** is a true and correct copy of the letter, dated October 19, 2007, from David Welch, on behalf of Dika-Ward, LLC to The Honorable Kevin Gross, without the exhibits thereto.

Annexed hereto as **Exhibit 58** is a true and correct copy of the Bankruptcy Court's Order, dated March 12, 2008, Granting Dika-Ward's Motion for Summary Judgment in Part and Granting the Plan Administrator's Cross-Motion for Summary Judgment in Part.

Annexed hereto as **Exhibit 59** is a true and correct copy of the Bankruptcy Court's Memorandum Opinion, dated March 12, 2008.

Annexed hereto as **Exhibit 60** is a true and correct copy of the *Notice of Appeal of the Plan Administrator for Montgomery Ward, LLC, Et Al. from the Order, dated March 12, 2008, Granting, in Part, Dika-Ward, LLC's Motion for Summary Judgment.*

## II.

## STATEMENT OF ISSUES ON APPEAL

Pursuant to Bankruptcy Rule 8006, the following issues are presented by this appeal:

1. Did the Bankruptcy Court err in holding that the Plan Administrator was in privity with the Ward I Debtors and bound by their actions, and therefore, res judicata bars the Plan Administrator's claims objection to recharacterize the Lease and Sublease Agreement as a structured financing, even though the Plan Administrator and the Ward I Debtors are separate and distinct entities?

2. Did the Bankruptcy Court err in holding that the Ward I Confirmation Order constitutes a final judgment on the merits that the Lease and Sublease Agreement is a true lease and therefore, res judicata bars the Plan Administrator's claims objection to recharacterize the Lease and Sublease Agreement as a structured financing, even though the Ward I Confirmation Order did not contain such a holding?

3. Did the Bankruptcy Court err in holding that it was unreasonable for the Ward I Debtors not to have raised the structured financing objection to the First Jolward Claim and the First State Farm Claim in Ward I and therefore, res judicata now bars the Plan Administrator's claims objection to recharacterize the Lease and Sublease Agreement as a structured financing, even though the Ward I Debtors had no incentive to bring the structured financing objections?

Dated: March 28, 2008
      Wilmington, DE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

COOLEY GODWARD KRONISH LLP
Cathy Hershcopf (CH 5875)
Richard S. Kanowitz (RK 0677)
Brent Weisenberg (BW 7107)
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000

Counsel for the Plan Administrator and
the PA Committee of Montgomery Ward
LLC, *et al.*

*2171903.1*