IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
IN RE:                            :   Chapter 11
                                  :
MONTGOMERY WARD, LLC, et al.,     :   Bankr. Case No. 00-4667-KG
                                  :   Jointly Administered
         Debtors.                 :
                                  :
_____:_____
PLAN ADMINISTRATOR OF             :
MONTGOMERY WARD, LLC, et al.      :
and THE PA COMMITTEE OF           :
MONTGOMERY WARD, LLC, et al.,     :
                                  :
         Appellants,              :
                                  :
    v.                            :   Civil Action No. 08-201-JJF
                                  :
DIKA-WARD, LLC,                   :
                                  :
         Appellee.                :
                                  :
_____:_____
DIKA-WARD, LLC,                   :
                                  :
         Cross-Appellant,         :
                                  :
    v.                            :   Civil Action No. 08-202-JJF
                                  :
PLAN ADMINISTRATOR OF             :
MONTGOMERY WARD, LLC, et al.      :
and THE PA COMMITTEE OF           :
MONTGOMERY WARD, LLC, et al.,     :
                                  :
         Cross-Appellees.         :
```

Cathy Herschcopf, Esquire; Richard S. Kanowitz, Esquire and Brent Weisenberg, Esquire of COOLEY GODWARD KRONISH LLP, New York, New York.
Derek Abbott, Esquire and Daniel B. Butz, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Counsel for the Plan Administrator and the PA Committee of Montgomery Ward LLC, et al.

David K. Welch, Esquire; Arthur G. Simon, Esquire and Glenn R. Heyman, Esquire of CRANE, HEYMAN, SIMON, WELCH & CLAR, Chicago, Illinois.
Thomas W. Goedert, Esquire and Bradley A. Smith, Esquire of NEAL

& LEROY, LLC, Chicago, Illinois.
Theodore J. Tacconelli, Esquire of FERRY, JOSEPH & PEARCE, P.A., Wilmington, Delaware.

Counsel for Dika-Ward, LLC.

---

**MEMORANDUM OPINION**

February 11, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is an appeal by the Plan Administrator for Montgomery Ward, LLC and the PA Committee of Montgomery Ward, LLC, et al. (collectively, the "Plan Administrator") and a cross-appeal by Dika-Ward, LLC ("Dika-Ward") of the March 12, 2008 Order of the Bankruptcy Court granting in part and denying in part summary judgment motions filed by the Plan Administrator and Dika-Ward. For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court.

I.  **PARTIES' CONTENTIONS**

Dika-Ward is the assignee of two proofs of claim filed by State Farm Life Insurance Company ("State Farm") and Jolward Associates ("Jolward") against the Debtors in this action (the "Ward II Debtors"): (1) a proof of claim asserting a general unsecured claim for lease rejection damages, including common area maintenance under a reciprocal easement agreement, and (2) a proof of claim asserting a secured claim for the balance due on a non-recourse mortgage loan. In its March 12, 2008 Order, the Bankruptcy Court held that: (1) the Plan Administrator was barred by res judicata from establishing that the Lease and Sublease Agreement and related transactions constitute a structured financing; (2) the Mortgage and Note were non-recourse as to the Ward II Debtors; and (3) all claims for common area maintenance

1

("CAM") in connection with the Lease and Sublease Agreement and related transactions were either satisfied, waived, released or disallowed.

    A.   <u>The Plan Administrator's Appeal</u>

By its appeal, the Plan Administrator contends that the Bankruptcy Court erred in holding that <u>res judicata</u> barred the Plan Administrator from establishing that that the true nature of the Lease and Sublease Agreement is that of a structured financing. The Plan Administrator contends that regardless of whether the Ward I Debtors and the Ward I Committee had standing to raise the structured financing argument in previous proceedings, the Plan Administrator was not in privity with those entities for purposes of <u>res judicata</u> because the Plan Administrator and its interests were not fairly represented in the Ward I bankruptcy proceedings. Specifically, the Plan Administrator contends that the Ward I Debtors are a separate and distinct entity from the Plan Administrators, who were charged with a different fiduciary obligation and who acted on behalf of a different constituency and creditor body to accomplish different objectives in their reorganization than in the present case. The Plan Administrator also contends that (1) the Ward I Confirmation Order and the Ward I Plan relied upon by the Bankruptcy Court do not constitute final judgments on the merits of whether the Lease and Sublease Agreement and related

transactions were a true lease, and (2) the claim objections in this case are not based upon the same cause of action as the objections raised in the Ward I proceedings. In addition, the Plan Administrator contends that it did not intentionally waive its rights to raise the structured financing argument, and therefore, the Bankruptcy Court's statement to the contrary was erroneous as a matter of law.

In response, Dika-Ward contends that the Bankruptcy Court did not err in its res judicata analysis. Dika-Ward contends that the Plan Administrator shares certain special interest relationships with the Ward I Debtors which are sufficient to establish privity, particularly that of preceding and succeeding owners of property and assignee and assignor. Dika-Ward further contends that the allowability and treatment of the leases and mortgage at issue were determined in Ward I through a final judgment on the merits in the form of the Ward I Stipulation approved by the Court in the Ward I Confirmation Order. In the alternative, Dika-Ward also contends that principals of equitable estoppel and waiver bar the Plan Administrator from asserting that the Lease and Sublease and related transactions are a disguised financing arrangement.

B. Dika-Ward's Cross-Appeal

By its cross-appeal, Dika-Ward contends that the Bankruptcy Court erred in concluding that the Mortgage and Note were non-

3

recourse and that the CAM charges were satisfied, released or discharged. Specifically, Dika-Ward contends that the provisions of 11 U.S.C. § 1111(b)(1) converted the purported non-recourse debt into recourse debt. Dika-Ward also contends that the CAM charges were not discharged in Ward I or released pursuant to the Ward II Stipulation because the CAM charges arise pursuant to a covenant that runs with the land. Dika-Ward also contends that the Bankruptcy Court misconstrued both the Ward I and Ward II Stipulations. Under the Ward I Stipulation, Dika-Ward contends that the Debtors were only released for Administrative Claims and therefore, CAM charges arising prior to the filing of Ward I and after the entry of the Ward I Confirmation Order were not discharged. With respect to the Ward II Stipulation, Dika-Ward contends that neither State Farm nor Jolward were signatories to the Ward II Stipulation, and therefore, it has no binding effect upon Dika-Ward, as assignee of the State Farm and Jolward claims.

In response, the Plan Administrator contends that the Bankruptcy Court correctly held that the Mortgage did not become a recourse obligation because (1) the Ward I Confirmation Order preserved the Debtors' and State Farm's rights and the status quo with respect to the Mortgage and Note, and (2) the Ward I Stipulation dealt solely with the treatment of the Ward I claims for distribution purposes under the Plan and did not change State Farm's rights under the Mortgage or Note. The Plan Administrator

also contends that Section 1111(b) of the Bankruptcy Code only transforms the claims into recourse claims for distribution purposes.

With respect to CAM charges, the Plan Administrator contends that the Bankruptcy Court correctly held that the Ward II Debtors have no liability for CAM, because the only parties entitled to CAM payments were the mall owners and their claims were settled under the Ward II Stipulation. Further, the Plan Administrator contends that Jolward has no claim for CAM, unless it paid CAM charges on behalf of the Debtor, and even if Jolward can assert a claim for CAM charges, those obligations arose prior to August 2, 1999, and were discharged by the Ward I Stipulation.

## II.  STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"

Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Mullarkey, 536 F.3d 215, 220 (3d Cir. 2008) ("Our review of the District Court's ruling in its capacity as an appellate court is plenary, and we review the bankruptcy judge's legal determinations de novo.") (emphasis added); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002). Indeed, it is not unusual as a procedural matter for the Third Circuit holding or decision to directly address the Bankruptcy Court decision.[1]

## III. DISCUSSION

The Court has reviewed the findings of fact and conclusions of law rendered by the Bankruptcy Court in its Memorandum Opinion under the applicable standard of review and concludes that the Bankruptcy Court's decision is not erroneous. With respect to

---

[1] In re Winstar Communications, Inc., -- F.3d --, 2009 WL 235676 (3d Cir. 2009) ("We therefore will affirm the Bankruptcy Court's decision, approved by the District Court, that the Trustee may recover the $188.2 million paid to Lucent.") (emphasis added).

its res judicata determination, the Bankruptcy Court correctly applied the legal test for res judicata to conclude that its elements were met. In addition, the Court concludes that the Bankruptcy Court correctly determined that Section 1111(b)(1) did not convert the nonrecourse Mortgage and Note into a recourse debt. As for its determination regarding CAM liability, the Court further concludes that the Bankruptcy Court correctly interpreted the Ward I and Ward II Stipulations to determine that CAM charges were no longer recoverable. In addition, the Court finds no error in the Bankruptcy Court's finding that Jolward did not pay CAM on the Debtors' behalf, and therefore, has no claim for CAM charges.

In sum, the Court agrees with and adopts the reasoning and analysis of the Bankruptcy Court as set forth in its March 12, 2008 Memorandum Opinion. Accordingly, the Court will affirm the decision of the Bankruptcy Court.

**IV. CONCLUSION**

For the reasons discussed, the Court will affirm the March 12, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.